# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20594

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2017

Lyle W. Cayce
Clerk

ORARETIN FRED OMOKORO,

      Plaintiff - Appellant

v.

RICKY HAMILTON, Field Office Director, Houston Field Office; SHARON A. HUDSON, District Director, Houston; JOHN F. KELLY, Secretary, United States Department of Homeland Security; LEON RODRIGUEZ; JEFFERSON B. SESSIONS, III; SANDY HEATHMAN, District Director,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2465

Before JONES, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Oraretin Fred Omokoro, a naturalized U.S. citizen, filed a Petition for Alien Relative ("I-130 Petition") on behalf of his wife, Asteria John Kirari. The United States Citizenship and Immigration Service ("USCIS") denied the petition, based on its finding that Kirari had previously entered into two sham marriages in violation of 8 U.S.C. § 1154(c). Omokoro appealed to the Board of

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20594

Immigration Appeals ("BIA"), which ultimately dismissed the appeal. Omokoro then challenged the denial in federal district court and asserted various constitutional claims. The BIA moved to dismiss or, in the alternative, for summary judgment. The district court granted the motion. Omokoro appeals.

Prior to Omokoro's petition on her behalf, Kirari was the beneficiary of three previous I-130 Petitions. The first was filed in 2002 by her husband at the time, Charles L. Bell. In denying Omokoro's I-130 Petition, the USCIS determined that Kirari's marriage to Bell was a sham, entered into only for purposes of achieving improved immigration status.[1] The USCIS marshalled ample evidence to support its finding, including: (1) inconsistencies between answers during interviews and provided documentation as to Bell and Kirari's wedding date; (2) Bell's marriages to two other women while he was still married to Kirari; (3) a lack of substantive evidence showing that Bell and Kirari ever lived together; and (4) Kirari's filing her taxes as a single person while she was ostensibly married to Bell.

Once the USCIS made an affirmative finding supported by substantial evidence that Kirari's marriage to Bell was a sham, "the burden shift[ed] to [Omokoro] to establish that [Kirari] did not" enter into a "prior fraudulent marriage." *Matter of Kahy*, 19 I. & N. Dec. 803, 806–07 (BIA 1988). But Omokoro has made no substantive effort to negate the USCIS's finding that Kirari's marriage to Bell was a sham in either the district court below or before this court on appeal. In his brief to this court, for example, Omokoro points to no evidence whatsoever tending to show that Kirari's marriage to Bell was legitimate, except to baldly claim on multiple occasions that Kirari's "marriage

---

[1] The USCIS determined that the second and third I-130 petitions on Kirari's behalf were also the result of a second sham marriage. Because one prior sham marriage is enough to disqualify Kirari from any future I-130 eligibility, we need not address the second sham marriage determination.

2

No. 16-20594

to . . . Mr. Bell was entered into in good faith with the main purpose of establishing a home and a life together as husband and wife." Such conclusory statements are insufficient to negate the agency's well-supported finding that Kirari's marriage to Bell was a sham.

As the district court correctly noted, one prior sham marriage "is all that is needed to make Kirari statutorily ineligible for immigration benefits under Section 1154(c)." We agree with the district court that, "in light of the uncontroverted evidence supporting the USCIS's finding that the Kirari-Bell marriage was a sham . . . the agency decision to deny the I-130 petition was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[2]

The ruling of the district court is AFFIRMED.

---

[2] In addition to challenging the denial of his I-130 Petition on factual and statutory grounds, Omokoro seems to claim that the denial violated his constitutional rights and international law. As argued in his brief on appeal, however, those arguments are not actually distinct from those addressed above—they simply reiterate the same points, and therefore fail for the same reasons. And to the extent that they *could* be distinct, they are made in only the most slipshod fashion, without citation to the record or controlling authority. This inadequate briefing waives these issues. *See* FED R. APP. P. 28(a)(8)(A).